## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Davy Rodriguez                                    :          CIVIL ACTION
                                                  :
                              v.                  :
                                                  :
Kevin E. Mengel, III and Kathleen Barton          :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X )

02/28/2019                    _____          _____
Date                          Attorney-at-law                  Attorney for  Plaintiff

(215) 422-4100                (215) 422-4101                   gsmith@smblawfirm.com

Telephone                     FAX Number                       E-Mail Address

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 209 Fox Hall Drive, Apt F., Bel Air, MD 21015

Address of Defendant: 2500 Bideford Court, West Chester PA 19382

Place of Accident, Incident or Transaction: 207 North Chester Road, West Chester

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?　　Yes ☐　　No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?　　Yes ☐　　No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?　　Yes ☐　　No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not　related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 02/28/2019 _____　　_____　　84189
　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
　　*(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☒ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Gregory A. Smith _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 02/28/2019 _____　　_____　　84189
　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Davy Rodriguez

**(b)** County of Residence of First Listed Plaintiff    Harford
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Kevin E. Mengel, III and Kathlenn Barton

County of Residence of First Listed Defendant    Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
　　　Plaintiff

☐ 3   Federal Question
　　　*(U.S. Government Not a Party)*

☐ 2   U.S. Government
　　　Defendant

☒ 4   Diversity
　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane　☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product　　Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | 　　Liability　☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &　　Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| 　& Enforcement of Judgment | 　　Slander　　Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'　　Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | 　　Liability　☐ 368 Asbestos Personal | | 　　New Drug Application | ☐ 470 Racketeer Influenced and |
| 　　Student Loans | ☐ 340 Marine　　Injury Product | | ☐ 840 Trademark | 　　Corrupt Organizations |
| 　　(Excludes Veterans) | ☐ 345 Marine Product　　Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | 　　Liability　**PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| 　of Veteran's Benefits | ☒ 350 Motor Vehicle　☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 　　Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle　☐ 371 Truth in Lending | 　　Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | 　　Product Liability　☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal　　Property Damage | 　　Relations | ☐ 864 SSID Title XVI | 　　Exchange |
| ☐ 196 Franchise | 　　Injury　☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | ☐ 362 Personal Injury -　　Product Liability | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | 　　Medical Malpractice | 　　Leave Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights　**Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | 　　Act |
| ☐ 220 Foreclosure | ☐ 441 Voting　☐ 463 Alien Detainee | 　　Income Security Act | 　　or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment　☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/　　Sentence | | 　　26 USC 7609 | 　　Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | 　　Accommodations　☐ 530 General | | | 　　Agency Decision |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -　☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of |
| | 　　Employment　**Other:** | ☐ 462 Naturalization Application | | 　　State Statutes |
| | ☐ 446 Amer. w/Disabilities -　☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | 　　Other　☐ 550 Civil Rights | 　　Actions | | |
| | ☐ 448 Education　☐ 555 Prison Condition | | | |
| | 　☐ 560 Civil Detainee - | | | |
| | 　　Conditions of | | | |
| | 　　Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
　　Proceeding

☐ 2   Removed from
　　State Court

☐ 3   Remanded from
　　Appellate Court

☐ 4   Reinstated or
　　Reopened

☐ 5   Transferred from
　　Another District
　　*(specify)*

☐ 6   Multidistrict
　　Litigation -
　　Transfer

☐ 8   Multidistrict
　　Litigation -
　　Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
02/28/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVY RODRIGUEZ<br>209 Fox Hall Drive<br>Apt F<br>Bel Air, MD 21015<br><div align="center">Plaintiff</div><br>vs.<br><br>KEVIN E. MENGEL, III.<br>2500 Bideford Court<br>West Chester, PA 19382<br><div align="center">And</div><br>KATHLEEN BARTON<br>2500 Bideford Court<br>West Chester, PA 19382<br><div align="center">Defendants</div> | **DOCKET NO.** |

## COMPLAINT

## PARTIES

1. Plaintiff Davy Rodriguez is an adult individual with a physical address of 209 Fox Hall Drive, Apartment F, Bel Air, Maryland 21015.

2. Defendant Kevin E. Mengel, III, is an adult individual with a physical address of 2500 Bideford Court, West Chester, PA 19382.

3. Defendant Kathleen Barton is an adult individual with a physical address of 2500 Bideford Court, West Chester, PA 19382.

## ALLEGATIONS OF JURISDICTION AND VENUE

4. Jurisdiction in this matter is based upon diversity of citizenship in accordance with 28 U.S.C. Section 1332.

5.      The Plaintiff is seeking damages in excess of $75,000 exclusive of interest, costs, and attorneys fees.

6.      The Plaintiff is a citizen of the State of Maryland.

7.      The Defendants are citizens of the Commonwealth of Pennsylvania.

8.      The accident at issue in this lawsuit took place in Chester County, Pennsylvania.

9.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. Section 1391(a).

## OPERATIVE FACTS

10.     The facts and occurrences hereinafter stated took place on September 16, 2017 at or near 207 North Chester Road in West Chester, Chester County, Pennsylvania.

11.     At all times material hereto, Plaintiff was the operator of a Ford pickup truck.

12.     At all times material hereto, Defendant Mengel operated, maintained and/or controlled a Subaru automobile owned by Defendant Barton.

13.     At all times material hereto Defendant Mengel was acting as the agent, employee, servant, and/or worker of Defendant Barton and in furtherance of her interests.

14.     At all times material hereto, Defendant Barton acted and/or failed to act by and through her duly authorized agents, employees, servants, and/or workers, including but not limited to Defendant Mengel.

15.     On September 16, 2017 Plaintiff drove his truck from Maryland to visit his brother, who lived at 207 North Chester Road, West Chester, PA 19382.

16.     During the drive, Plaintiff had a video camera filming his trip.

17.     Plaintiff was proceeding lawfully and carefully on North Chester Road, intending to turn into his brother's driveway, when he was struck from behind by a vehicle

operated by Defendant Mengel that was traveling at a dangerous, extreme, and excessive rate of speed.

18. The force of the impact caused Plaintiff's vehicle to flip onto its side.

19. The result of the impact was captured on Plaintiff's video.

20. Plaintiff's vehicle was declared a total loss from the severe damage done by Defendant Mengel. (Photographs of the two vehicles are attached hereto as Exhibit "A.")

21. Plaintiff was taken from the scene to the Paoli Hospital Emergency Room where Plaintiff was diagnosed with, among other injuries, a traumatic subarachnoid hemorrhage.

22. As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendants Plaintiff suffered serious and severe injuries including but are not limited to pain, suffering, injuries to his head, including a traumatic subarachnoid hemorrhage, concussion, headaches, and a loss/impairment of body function, some or all of which may be permanent in nature, to his great detriment and loss.

## COUNT I

### DAVY RODRIGUEZ V. KEVIN E. MENGEL, III

23. Paragraphs 1 through 22 are incorporated by reference as if fully set forth herein.

24. The negligence, carelessness and/or recklessness of Defendant Mengel includes, but is not limited to, the following:

      a. Failing to exercise reasonable care;

      b. Operating his vehicle at an excessive rate of speed which was unsafe

and dangerous under the conditions under the circumstances;

c.    Failure to have his vehicle under proper and adequate control;

d.    Failure to apply the brakes in a timely fashion as to avoid a collision;

e.    Failure to operate the vehicle in accordance with the laws of the Commonwealth of Pennsylvania;

f.    Operating the vehicle without due regard to the rights, safety and position of Plaintiff and in a manner so as to recklessly endanger Plaintiff;

g.    Failure to operate the vehicle in such a manner so as to have avoided creating a collision;

h.    Failure to observe the obvious and lawful proximity of the Plaintiff's vehicle;

i.    Failure to operate the vehicle in accordance with existing conditions;

j.    Failing to keep a safe distance between the Defendants' vehicle and Plaintiff's vehicle;

k.    Failing to avoid contact with Plaintiff's vehicle;

l.    Failure to pay adequate attention to the conditions on the road;

m.    Causing the crash;

n.    Colliding with Plaintiff's vehicle;

o.    Driving in an unsafe fashion;

p.    Negligence *per se*;

q.    Driving too fast for conditions;

r.    Failing to pay adequate attention; and

s.    Causing injury to Plaintiff.

25.    As a direct and proximate result of the negligence, carelessness and/or

recklessness of Defendants Plaintiff suffered serious and severe injuries including

but are not limited to pain, suffering, injuries to his head, including a traumatic subarachnoid hemorrhage, concussion, headaches, and a loss/impairment of body function, some or all of which may be permanent in nature, to his great detriment and loss.

26.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered a loss of life's pleasures, a loss of the ability to fully enjoy life and the inability to perform his usual and customary daily activities, duties, labors, occupation, avocations, some or all of which may be permanent in nature, to his great detriment and loss.

27.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff was caused to undergo extensive, costly, and painful medical treatment in the past, and may have to undergo extensive, costly, and painful medical treatment in the future, to his great detriment and loss.

28.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff has suffered economic losses in the nature of wage loss and property damage to his car, and may suffer wage loss in the future, to his great detriment and loss.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with delay damages and any other relief to which plaintiff may be entitled under the law.

## COUNT II

## DAVY RODRIGUEZ V. KATHLEEN BARTON

29.     Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30.    The negligence, carelessness, and/or recklessness of Defendant Barton, individually and by and through her agents, including but not limited to Defendant Mengel, includes, but is not limited to the following:

a)    Negligently entrusting her vehicle to an inexperienced and unsafe driver, Defendant Mengel;

b)    Failing to appropriately monitor persons she allowed to use her vehicle, including Defendant Mengel;

c)    Failure to exercise reasonable care;

d)    Failure to exercise reasonable care under the circumstances;

e)    Negligence as a matter of law;

f)    Negligence *per se;* and

g)    Vicarious liability for the negligence, carelessness, and/or recklessness of her agent, Defendant Mengel.

31.    As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants Plaintiff suffered serious and severe injuries including but are not limited to pain, suffering, injuries to his head, including a traumatic subarachnoid hemorrhage, concussion, headaches, and a loss/impairment of body function, some or all of which may be permanent in nature, to his great detriment and loss.

32.    As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff suffered a loss of life's pleasures, a loss of the ability to fully enjoy life and the inability to perform his usual and customary daily activities, duties, labors, occupation, avocations, some or all of which may be permanent in nature, to his great detriment and loss.

33.    As a direct and proximate result of the negligence, carelessness and/or recklessness

of Defendants, Plaintiff was caused to undergo extensive, costly, and painful medical treatment in the past, and may have to undergo extensive, costly, and painful medical treatment in the future, to his great detriment and loss.

34.     As a direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, Plaintiff has suffered economic losses in the nature of wage loss and property damage to his car, and may suffer wage loss in the future, to his great detriment and loss.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, together with delay damages and any other relief to which plaintiff may be entitled under the law.

Respectfully submitted,

SMITH MIRABELLA BLAKE, LLC

BY:     GREGORY A. SMITH, ESQUIRE
        KEVIN M. BLAKE, ESQUIRE
        Attorneys for Plaintiff

DATE:  February 28, 2019

EXHIBIT A

























